# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY TSHIYOYI MALANGU,<br>(A Number: 241-092-446)<br><br>Petitioner,<br>v.<br><br>WARDEN, *California City Immigration Processing Center*, et al.,<br><br>Respondents. | Case No. 1:26-cv-07921-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S PETITION BE DENIED**<br><br>(Doc. 1)<br><br>**<u>FOURTEEN-DAY DEADLINE</u>** |

Danny Tshiyoyi Malangu is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I. FACTUAL BACKGROUND

Petitioner is a citizen and national of the Democratic Republic of the Congo who entered the United States on a F1 visa that he overstayed. (Doc. 5-1 at 3). On December 12, 2025, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. (*Id.*).

On June 5, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 5-4). The immigration judge ("IJ") denied Petitioner's request for custody redetermination finding Petitioner failed to meet his burden of proof that he was not a flight risk. (*Id.* at 1).

Petitioner then filed a habeas petition, which is now before the Court, challenging his detention as being unconstitutionally prolonged. (Doc. 1). Petitioner seeks immediate release, or, in the alternative, "an individualized bond hearing before a neutral immigration judge at which the Government bears the burden by clear and convincing evidence to justify continued detention based

on danger or flight risk and the decisionmaker considers ability to pay and less restrictive alternatives.”. (Doc. 1 at 4).

On October 7, 2026, Respondents filed a response to the petition. (Doc. 5). On October 20, 2026, Petitioner then filed a motion for expedited consideration and immediate release, which the undersigned construes as a traverse. (Doc. 6).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus “to every individual detained within the United States.” *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner “is in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2241(c)(3). “[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.” *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following Petitioner’s arrest and detention. Petitioner has since been provided with a bond hearing before an IJ. Respondents argue the petition should be dismissed or denied, because Petitioner has already received the process he is due and that Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals (“the Board”), that Petitioner must first exhaust. (Doc. 5).

Petitioner argues his continued detention violates due process rights. (Doc. 6 at 3–4).[1]

---

[1] In his motion for expedited consideration, (Doc. 6), Petitioner raises new claims not contained in his original petition. Even setting aside the procedural deficiencies associated with such a filing, *see Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not a proper pleading to raise additional grounds for relief), the undersigned has considered all of Petitioner’s additionally arguments and finds they lack merit for the following reasons:

1. Though courts in this district have ordered release on substantive due process grounds where the “petitioner’s present detention [was] excessive in relation to its purpose,” the undersigned finds that Petitioner’s conclusory statements of such a violation is not sufficient for the undersigned to make such a finding here. *Compare* (Doc. 6), *with Sumano v. Chestnut*, No. 1:26-CV-04954-KES-CDB (HC), 2026 WL 2177112, at *7 (E.D. Cal. July 28, 2026) (ordering release where Petitioner presented unrebutted evidence that her continued detention presented a significant risk of death for both herself and her unborn fetus); *see also*, *Gutierrez Romo v. Chestnut*, No. 1:26-CV-03449 KES FJS (HC), 2026 WL 2254385, at *6–7 (E.D. Cal. Aug. 4, 2026) (granting substantive due process claim where petitioner had been detained eleven months, had been diagnosed with cancer and hospitalized twice while in detention, had no removal order in place, and had been expressly found

The undersigned begins with Respondents' contention that Petitioner has failed to exhaust available remedies by failing to seek relief with the Board before seeking a writ of habeas corpus in this court. (Doc. 5 at 1). Petitioner, however, does not challenge the outcome of his bond hearing. Instead, Petitioner brings claims that his detention is unconstitutionally prolonged under both the Fifth Amendment's Due Process Clause and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, the undersigned need not address Respondents' exhaustion argument.

Turning to Petitioner's claims, the undersigned finds that Petitioner's claim under *Zadvydas*, (Doc. 1 at 3), is not applicable as the parties do not dispute that Petitioner is detained under section 1226(a). *See Garcia Miranda v. Hernandez*, No. 2:26-CV-00906-JNW, 2026 WL 1328227, at *5 (W.D. Wash. May 13, 2026) ("But *Zadvydas* addresses post-order detention under § 1231, not pre-order detention under § 1226(a)."). Therefore, Petitioner's claim under *Zadvydas* is not cognizable.

Having determined that section 1226(a) informs the nature of Petitioner's detention, the undersigned evaluates Petitioner's Fifth Amendment claim and must consider whether Petitioner's procedural due process rights have been violated. Respondents argue that the government's compliance with section 1226 afforded Petitioner with all of the process to which he is entitled. (Doc. 5). The undersigned agrees.

As held in analogous cases by various district courts, "Petitioner fails to establish a due process right to a pre-deprivation hearing before their detention and fails to establish that their arrest exceeded the government's statutory authority under § 1226(a)." *Okoth v. Kaiser*, No. EDCV 26-2353-AS, 2026 WL 45199, at *2 (C.D. Cal. Jan. 7, 2026); *see also*, *e.g.*, *Kafle v. Wofford*, No. 1:26-CV-01663-KES-HBK (HC), 2026 WL 2255203, at *3 (E.D. Cal. Aug. 5, 2026); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025) ("the statutory protections of § 1226(a) require

---

by an immigration judge not be a flight risk or danger to the community).

2. The undersigned finds that the existence of a pending asylum application and associated challenges of pursuing that application from detention alone are not enough to give rise to a due process violation requiring release.

3. Contrary to Petitioner's argument, where an Immigration Judge concludes that a noncitizen is a risk of flight or danger to the community, due process does not require him to consider conditional release as an alternative to detention. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024)

only a prompt post-deprivation hearing"); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("[The s]ection 1226 framework typically provides for a post-detention, rather than pre-deprivation, bond hearings. If [s]ection 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society."). Petitioner relies on cases involving noncitizens who were being detained pursuant to different detention authority, section 1226(c), which does not apply here. (Doc. 1 at 3 (citing *Cruz Paredes v. Warden*, No. **1** :26-cv-06354-RLP (E.D. Cal. Sept. 4, 2026); *Russell v. Warden*, No. 1:26-cv-01231-JLT-EPG (E.D. Cal. Sept. 3, 2026))).

Instead, here, the record shows Petitioner was detained on December 12, 2025, and removal proceedings were initiated. (Doc. 5-1 at 3). Pursuant to section 1226(a), Petitioner received a bond hearing on June 5, 2026, at which the IJ denied bond because the IJ determined that Petitioner was a flight risk. (Doc. 5-4 at 1). Petitioner did not appeal that decision to the Board. (Doc. 5 at 1). Thus, the undersigned finds that Petitioner received due process under section 1226(a). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Zakharenkova v. Mullin*, 2026 WL 1454524, at *3–4 (C.D. Cal. May 19, 2026) (finding detainee held under section 1226(a) was not entitled to a pre-detention hearing because she was not re-detained after previous release on an order of supervision).

Further, the Ninth Circuit has held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under section 1226(a) fourteen months after his first section 1226(a) hearing was held. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207–14 (9th Cir. 2022). Although *Rodriguez Diaz* did "not foreclose all as-applied challenges to [section] 1226(a)'s procedures," the undersigned finds that Petitioner has not demonstrated that their case is distinguishable from *Rodriguez Diaz*. *Id.* Thus, the undersigned finds that Petitioner received due process under section 1226(a). *See id.* (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("If [s]ection 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial

DHS determination that an individual is a flight risk or poses a danger to society.”).

Finally, if Petitioner contests the IJ’s factual determinations, the undersigned lacks jurisdiction to “reweigh [the] evidence” on a challenge to an IJ’s bond decision and may “only determine whether the [IJ] applied the correct legal standard.” *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (cleaned up).

Accordingly, the undersigned recommends that the Court deny Petitioner’s petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, “Objections to Magistrate Judge’s Findings and Recommendation” and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838□39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court’s judgment.

IT IS SO ORDERED.

Dated: **October 26, 2026**

UNITED STATES MAGISTRATE JUDGE